IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KATERINA SAMPSON, :
on behalf of S.J.S., a minor, :
:
    Plaintiff, :
:
vs. :
: CIVIL ACTION 13-563-M
CAROLYN W. COLVIN, :
Social Security Commissioner, :
:
    Defendant. :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income for Children (hereinafter *SSI*) (Docs. 1, 10).[1] The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 16). Oral argument was waived in this action (Doc. 15). Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

---

[1]Though her mother brought this action, the Court will refer to the child as Plaintiff.

1

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984).

At the time of the administrative hearing, Plaintiff was thirteen years old and had completed a seventh-grade education (Tr. 40). In claiming benefits, Sampson alleges disability due to scoliosis, ADHD, asthma, and borderline intellectual functioning (Doc. 10 Fact Sheet).

The Plaintiff filed an application for SSI on November 22, 2010 (Tr. 110-17; *see also* Tr. 16). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Sampson had severe impairments, she was not disabled (Tr. 16-29). Plaintiff requested review of the hearing decision (Tr. 10-11) by the Appeals Council, but it was denied (Tr. 1-5).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence, alleging that the ALJ did not

2

properly consider the opinions expressed in a Teacher Questionnaire (Doc. 10). Defendant has responded to—and denies—these claims (Doc. 11).

The Court notes at the outset that the single claim brought by Sampson in this action is very focused. Therefore, there will be very little review of the record evidence in this memorandum opinion.

The specific claim raised is that the ALJ improperly discounted Sampson's Advisor's opinions regarding her ability to Acquire and Use Information (Doc. 10).[2] The Court notes that the ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). As noted earlier, the Court is not free to reweigh the evidence. *Bloodsworth*, 703 F.2d at 1239.

The opinions on which Plaintiff bases her claim were expressed in a Teacher Questionnaire completed by Phyllis Reeves who indicated that she had advised Sampson once or twice a month for two years regarding her schoolwork (Tr. 141-48).[3] The Advisor indicated that although Plaintiff was in the seventh grade, she was receiving instruction at the fifth-to-sixth grade

---

[2]Acquiring and Using Information is one of the six domains of functioning evaluated by the ALJ to reach a decision as to a claimant's disability. *See* 20 C.F.R. 416.926a(b)(1)(i).

[3]Reeves indicated in the Questionnaire that she was Sampson's advisor and case manager, but was not her teacher (Tr. 143).

3

levels in her core classes by a special education teacher.  In completing a page entitled "Acquiring and Using Information," Reeves indicated that Sampson had an obvious problem with her ability to comprehend oral instructions, understand school and content vocabulary, recall and apply previously learned material, and in applying problem-solving skills in class discussions (Tr. 142).  The Advisor went on to express the opinion that Plaintiff had a serious problem in reading and comprehending written material, understanding and participating in class discussion, providing organized oral explanations and adequate descriptions, expressing ideas in written form, and learning new material; Sampson had a very serious problem in comprehending and doing math problems.  In the comments section, Reeves stated that Plaintiff "require[d] extra help with one on one instruction by a special ed teacher or paraprofessional" (Tr. 142).[4]

In his determination, the ALJ made the following findings:

> The opinion of the case manager in Exhibit 4E is given some weight.  Her interaction with the claimant in the school setting provides her opinion additional weight.  Her opinions are largely consistent with the remainder of the school records.  Likewise, there is no medical evidence substantially inconsistent with her opinions.  Nonetheless, she is given reduced

---

[4]The Court notes that although Reeves provided more information about Sampson's abilities, it is not relevant to this claim.

4

> weight with regard to the limitations in
> acquiring and using information, although
> not inconsistent with the evidence, her
> opinion in that domain is inconsistent with
> the ARMT results and the level of inclusion
> in regular classes that the claimant has
> maintained.

(Tr. 22). The ALJ went on to find that Plaintiff had less than marked limitation in acquiring and using information, noting that the state agency medical and psychological experts had reached that same conclusion (Tr. 23).

Sampson, in making her arguments, points to information from her Individualized Education Program (hereinafter *IEP*) that indicated that "[d]ifficulties in Reading and Math adversely affect [her] learning; she requires specialized instruction in order to find success in the classroom" (Tr. 182). Sampson also noted that the IEP provided for certain accommodations including the following: narrow choices on classroom tests; tests may be read; tests may be taken in the special education classroom; accommodations needed for SAT/ARMT testing; spell checker may be used; proximity seating; and extended time to complete assignments (Tr. 186-87).

In looking further at the IEP, however, the Court notes, that Sampson "receive[d] services in the regular classroom for all subjects and has inclusion support and accommodations in her core classes" (Tr. 182). There is also a very clear indication

5

from test results that Plaintiff was more knowledgeable than school grades reflected (Tr. 182). More specifically, while Sampson's first quarter scores averaged 75.8 and her second quarter scores averaged 75, her third quarter test score average for the same subject areas was 85.8, a full grade higher (Tr. 182).[5]

The Court notes again that the ALJ, in reaching his decision, relied on state agency medical and psychological experts who also indicated that Sampson had less than marked limitation in acquiring and using information (Tr. 23). The Court notes that although their report acknowledged her limitations as set out in the IEP, they also pointed to the test scores, summarized above, that indicated that Plaintiff was acquiring and using information and not as limited as has been argued (Tr. 325; *cf.* 213-26, 314-17).

The Court finds substantial evidence to support the ALJ's decision. Though the ALJ's wording is more muddled than one would hope, his conclusions are, nevertheless, clear. Sampson has experienced some learning difficulties but tests have shown that she is, in fact, acquiring and using information in her schoolwork. Even though some of the information in Plaintiff's IEP indicates that she has learning difficulties, the IEP also

---

[5]The subject areas reflected in these scores are language arts, reading, pre-algebra, social studies, and science.

6

demonstrates that the difficulty is not as severe as argued.

Sampson has raised a single claim in bringing this action. That claim is without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**. Judgment will be entered by separate Order.

DONE this 29th day of May, 2014.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE